■ JANE FLEMING, Respondent, v JOHN VASSALLO, ESQ., et al., Appellants, et al., Defendants. [724 NYS2d 732] —Order, Supreme Court, New York County (Robert Lippmann, J.), entered October 18, 2000, which denied defendants' motion to strike the note of issue and to compel documentary and testimonial discovery from a subpoenaed non-party witness, unanimously reversed, on the law, the facts and in the exercise of discretion, with costs, the motion granted, the note of issue stricken and the subpoenaed non-party witness directed to provide the disclosure sought.

Plaintiff alleges that defendants committed legal malpractice in the course of representing her in a divorce proceeding against her ex-husband, David M. Swersky. She claims that in the context of that proceeding, which took place during the 1987 stock market crash, defendants improperly directed her to reject Swersky's December 1987 settlement offer of approximately $2.5 million consisting of cash, real estate and a 50 percent interest in the marital home, and instead undertook a course of protracted and expensive litigation, ignoring Swersky's warnings of impending financial deterioration and pressing on with efforts to discover the extent and composition of his assets. The result, according to the complaint, was that, in

February 1991, defendant Vassallo advised plaintiff that there was nothing further he could do for her, given Swersky's negative net worth. Plaintiff alleges that she obtained a judgment of divorce from Swersky with the assistance of an associate of defendant law firm, and negotiated a settlement of the financial issues directly with Swersky. She alleges that she was able to protect her 50 percent interest in the marital home but, because of Swersky's financial difficulties, she has received nothing from him. Defendants contend that Swersky is a lawyer, businessman and real estate developer who, although he claimed to be broke following the crash, accumulated significant wealth in the co-op conversion market of the 1980s and acquired interests in numerous real estate limited partnerships and ventures.

At a status conference on February 29, 2000, the parties agreed that certain non-party discovery from Swersky concerning financial aspects of the settlement remained outstanding, including documents that had been subpoenaed in June 1998. The IAS court directed plaintiff's counsel to file a note of issue and ordered that non-party discovery proceed while the case was pending on the trial calendar. Plaintiff's counsel proceeded to serve a note of issue with certificate of readiness that attempted to retain the parties' rights to further non-party discovery. In addition, defendants obtained the court's grant of an extension of time to move for summary judgment.

Defendants then proceeded on June 27 and July 11, 2000 to take Swersky's deposition. However, the deposition was not completed because Swersky failed to bring certain subpoenaed documents and interposed objections in response to certain inquiries. Following the transfer of the case to Justice Lippmann, defendants moved to strike the note of issue as premature and to compel Swersky to produce subpoenaed documents and respond to questions posed at his deposition. In the motion papers, counsel explained that Swersky, supported by plaintiff's counsel, had refused to produce documents called for in the June 1998 subpoena and had refused, citing relevance and the attorney-client privilege, to answer certain questions during his June 2000 deposition. Defendants also submitted portions of plaintiff's and Swersky's testimony showing that Swersky had been assisting plaintiff in this case, having arranged for counsel for her, provided documents for her use, assisted in the preparation of pleadings and of discovery responses, discussed strategy with plaintiff both in and outside the presence of her counsel, and agreed to pay for certain costs incurred in the prosecution of this action.

In view of a prior court's order rejecting plaintiff's claim that her communications with Swersky or with her counsel in Swersky's presence are privileged, defendants are entitled to an order compelling Swersky's continued deposition and additional document production. As to the striking of the note of issue, Justice Lippmann understandably was reluctant to overrule the order of a court of coordinate jurisdiction directing plaintiff to file the note of issue. However, the note of issue should be stricken because the delays in this case appear to be a result of Swersky's refusal to cooperate and, in light of the apparent relationship between Swersky and plaintiff's counsel, must be charged to plaintiff. Concur—Ellerin, J. P., Lerner, Saxe, Buckley and Friedman, JJ.